Jorge N. **RODRIGUEZ;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–75442.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Terri J. Scadron, Esq., Erika Ritt, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Husband and wife, Jorge N. Rodriguez ("Rodriguez"), a native and citizen of Peru, and Nancy E. Valencia ("Valencia"), a native of Ecuador and citizen of Peru, petition for review of the Board of Immigration Appeals' order summarily affirming, without opinion, an immigration judge's ("IJ") order denying their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual determinations, *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's determination that the petitioners failed to establish eligibility for asylum. Rodriguez testified he demanded his tenant, a suspected narco-terrorist, vacate an apartment building, and shortly afterwards, Rodriguez and his family began receiving threatening phone calls from unidentified persons. Neither his testimony nor any other evidence in the record compels the conclusion that petitioners were persecuted or would be persecuted on account of their political opinion, social group, or any other protected ground. *See Tecun–Florian v. INS,* 207 F.3d 1107, 1109–10 (9th Cir.2000) (upholding agency decision

where petitioner failed to establish a nexus between the harm and his political opinion or any other protected ground).

Additionally, Valencia testified she was questioned several times by government personnel regarding her previous employment, but never detained or mistreated. Substantial evidence supports the IJ's determination that Valencia did not suffer past persecution and does not have a well-founded fear of future persecution on account of a protected ground. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (persecution is an extreme concept, marked by the infliction of suffering or harm in a way regarded as offensive).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Gormley,* 364 F.3d at 1180.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

